1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID HAMILTON,                              No.  2:23-cv-0050 DB P

12                  Plaintiff,

13        v.                                      ORDER

14   L. ABLES et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants used excessive force against him in violation of his

19   Eighth Amendment rights.  Presently before the court is plaintiff's motion to proceed in forma

20   pauperis (ECF No. 2.) and his amended complaint[1] (ECF No. 5) for screening.  For the reasons

21   set forth below, the undersigned will grant the motion to proceed in forma pauperis and give

22   plaintiff the option to proceed with the complaint as screened or file an amended complaint.

23                                **IN FORMA PAUPERS**

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

25   § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

26

27   [1] Because an amended complaint supersedes a prior pleading the court has screened the amended
     complaint.  Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012).  However, the allegations
28   in the original and amended complaint appear to be identical.  (See ECF Nos. 1, 5.)

                                              1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2

1    However, in order to survive dismissal for failure to state a claim a complaint must

2    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3    factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

4    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act under which this action was filed provides as follows:

9    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the deprivation
10   of any rights, privileges, or immunities secured by the Constitution .
     . . shall be liable to the party injured in an action at law, suit in equity,
11   or other proper proceeding for redress.

12   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

13   389.  The statute requires that there be an actual connection or link between the

14   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

15   <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

16   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

18   omits to perform an act which he is legally required to do that causes the deprivation of which

19   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

20   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

21   their employees under a theory of respondeat superior and, therefore, when a named defendant

22   holds a supervisorial position, the causal link between him and the claimed constitutional

23   violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

24   <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

25   concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

26   <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

27   ////

28   ////

3

1  **II.     Allegations in the Complaint**

2        The events giving rise to the claim occurred while plaintiff was incarcerated by the

3  California Department of Corrections and Rehabilitation ("CDCR") housed at Mule Creek State

4  Prison ("MCSP").  (ECF No. 5 at 1.)  Plaintiff has identified the following defendants: (1) L.

5  Ables, correctional officer at MCSP; (2) David Clays, correctional sergeant at MCSP; (3) Patrick

6  Covello, MCSP warden; (4) C. Post Agency, training agency located in Sacramento, California.

7  (Id. at 2.)

8        Plaintiff alleges that on January 13, 2021, he was struck on the right side of his temple by

9  two 40 mm rounds by officer Ables.  (Id. at 3.)  He states at the time he was sitting on the floor in

10  front of his cell, number 248, upstairs.  At the same time two other inmates were fighting in

11  between cells 145 and 146, downstairs.  Plaintiff states that he was not involved in the fight.

12  Thus, he concludes the force used was unreasonable.

13        Plaintiff states that the force was used without provocation or potentially in retaliation for

14  claims filed against Ables' coworkers.  (Id.)  Plaintiff further states that to the extent the court

15  finds the use of force was negligent, Ables' training was deficient or inadequate.

16        Plaintiff states Ables is "a subordinate of the supervisor(s) Doe-s 2-10; [and] sergeant

17  Clays has a casual [sic] connection" to officer Ables.  (Id. at 4.)  He alleges Ables' training was

18  deficient.  He states CDCR supervisors are liable for officers negligent actions.  He alleges that he

19  was harmed as a result of the supervisors' failure to properly train Ables.  Plaintiff further alleges

20  that warden Covello is vicariously liable for the excessive force and failure to train of his

21  subordinates.  (Id. at 5.)

22        Plaintiff alleges that Ables "potentially received her training from C. Post Agency."  (Id.

23  at 6.)  He further states C. Post is subcontracted by CDCR, thus it is liable for the inadequate

24  training of Ables.

25        Plaintiff claims that the use of force was retaliatory because he had a case pending at the

26  time of the incident giving rise to the claim.  (Id. at 7.)  He alleges his "legal mail was tampered

27  with, opened, or returned to [him] never reaching court."  He further states non-party officer

28  Martin gave him a "false write up, causing [his] points to rise and ensuring [his] chances of going

4

home could decrease after being" disciplinary free for seven years.  (Id. at 7.)  He also alleges that during recent cell searches eight new jars of coffee were opened, and on another occasion his legal papers were left in disarray.  (Id.)

**III.     Does Plaintiff State a Claim under § 1983?**

    **A.  Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9 (citation omitted).  That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights."  Id. (citation omitted).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (citation and quotation omitted).  Furthermore, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Id. at 6 (ellipses in original) (citation omitted).

"Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, we think the question

5

1   whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns

2   on whether force was applied in good faith effort to maintain or restore discipline or maliciously

3   and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (citation and

4   internal quotations marks omitted).

5      Here, plaintiff has alleged that he was struck with a 40 mm round while he was sitting on

6   the second floor.  (ECF No. 1 at 3.)  He further states that the fight officer Ables was attempting

7   to quell when she fired the 40 mm round was between two individuals who bore no resemblance

8   to him on the first floor.  (Id.)  Thus, he concludes that he must have been struck intentionally by

9   the officer in order to cause harm.  Liberally construed such allegations are sufficient to state a

10  potentially cognizable excessive force claim against defendant Ables.  McMillian v. Delgado, No.

11  1:19-cv-00444 SAB (PC), 2019 WL 1599443, at *2 (E.D. Cal. Apr. 19, 2019) (finding allegation

12  to that plaintiff was struck by a 40 mm round even though he was not involved in the right and

13  prone-out on the floor away from the incident sufficient to state an excessive force claim).

14      **B. Retaliation**

15      "Within the prison context, a viable claim of First Amendment retaliation entails five

16  basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

17  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

18  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

19  correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and

20  citations omitted).

21      Plaintiff may be able to state a claim based on officer Ables' use of force in retaliation for

22  civil actions he was pursuing against other prison officials.  However, he must state facts showing

23  a connection between Ables' actions and his protected conduct.  Plaintiff has alleged only that he

24  had two claims against Ables' coworkers at the time of the incident.  However, he has not alleged

25  facts indicating that Ables was aware of plaintiff's pending lawsuits.  Accordingly, plaintiff's

26  allegations fail to state a cognizable retaliation claim.  Corales v. Bennett, 567 F.3d 554, 568 (9th

27  Cir. 2009) (plaintiff must show "defendant knew of the protected speech").

28  ////

Plaintiff has included allegations that non-party and unnamed officers tampered with his legal mail, wrote false disciplinary violations, and left his cell in disarray. (ECF No. 1 at 7.) However, it is not clear how those incidents relate to the incident described in the instant complaint. Plaintiff is advised that unrelated claims belong in separate actions. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Additionally, it is unclear whether these actions occurred before or after the incident described in the instant complaint. Therefore, these allegations do not give rise to a cognizable claim.

### C. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004). "A supervisor may be liable only if (1) he or she is personally involved in the deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks and citations omitted); Lemire v. California Dept. of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff claims that defendant Ables is "a subordinate of the supervisor(s) Doe-s 2-10; sergeant Clays has a casual [sic] connection" to Ables. (ECF No. 1 at 4.) He states CDCR supervisors are liable for officers' negligent actions and that warden Covello is vicariously liable for the excessive force and failure to train his subordinates. (Id. at 4-5.)

When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.

7

Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, the allegations in the complaint fail to state a cognizable claim against sergeant Clays, warden Covello, or any supervisor Doe defendants.  In any amended complaint, plaintiff must allege facts showing that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d at 646.  Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

**D.  Failure to Train**

A failure to train theory can be the basis for a supervisor's liability in a § 1983 action in only limited circumstances, such as where the failure amounts to deliberate indifference.  See City of Canton v. Harris, 489 U.S. 378, 387-90 (1989).  In order to impose liability for failure to train, a plaintiff must state facts showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably have been said to have been deliberately indifferent to the need."  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

Plaintiff has alleged that C. Post Agency is inherently liable for officer Ables' inadequate training.  This conclusory statement is not sufficient to state a potentially cognizable claim.  In ////

1   any amended complaint, plaintiff should include additional allegations explaining the specific

2   training inadequacy that caused him to be harmed.

3                              **AMENDING THE COMPLAINT**

4         Plaintiff is advised that in an amended complaint he must clearly identify each defendant

5   and the action that defendant took that violated his constitutional rights.  The court is not required

6   to review exhibits to determine what plaintiff's charging allegations are as to each named

7   defendant.  The charging allegations must be set forth in the amended complaint, so defendants

8   have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every

9   detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of

10  each claim.  See Fed. R. Civ. P. 8(a).

11        Any amended complaint must show the federal court has jurisdiction, the action is brought

12  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

13  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

14  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

15  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

16  of a constitutional right if he does an act, participates in another's act or omits to perform an act

17  he is legally required to do that causes the alleged deprivation).

18        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

19  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

20  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

21  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

22        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

23  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

24  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

25  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

26  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

27  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

28  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's amended complaint (ECF No. 5) states potentially cognizable excessive force claim against defendant Ables as set forth in Section III above.  The complaint does not contain any additional cognizable claims.  Accordingly, plaintiff will have the option to proceed with the complaint as screened or amend the complaint.

2.  Within thirty (30) days from the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

Dated:  May 18, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hami0050.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HAMILTON,

               Plaintiff,

    v.

L. ABLES et al.,

               Defendants.

No.  2:23-cv-0050 DB P

NOTICE OF ELECTION

Check one:

_____    Plaintiff wants to proceed immediately on his excessive force claim against defendant

Ables.  Plaintiff understands that by going forward without amending the complaint he is

voluntarily dismissing all other claims.


_____    Plaintiff wants to amend the complaint.


DATED:_____


                                  _____
                                  David Hamilton
                                  Plaintiff pro se