UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON, | No. 2:23-cv-0050 DB P |
| Plaintiff, | |
| v. | ORDER |
| L. ABLES et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's complaint (ECF No. 12) for screening. For the reasons set forth below, the undersigned will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

**SCREENING**

I. **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to the claim occurred while plaintiff was incarcerated by the California Department of Corrections and Rehabilitation ("CDCR") housed at Mule Creek State Prison ("MCSP").  (ECF No. 12 at 1.)  Plaintiff has identified the following defendants: (1) L. Ables, correctional officer at MCSP and (2) Patrick Covello, MCSP warden.  (Id. at 2.)

Plaintiff alleges that on January 13, 2021, officer Ables shot him in the temple on the right side of his head.  (Id. at 3.)  He further alleges this occurred while Ables was firing two 40 mm rounds at two Latino inmates who were down the stairs fight between cells # 145 and # 146.  (Id.)  Plaintiff states that when this occurred, he was sitting in front of his cell which was # 248.  Plaintiff further states that he was not involved in the altercation.  (Id.)  Plaintiff alleges that in her incident report, Ables stated that she was unable to identify the parties she was shooting at.  (Id.)

Plaintiff states warden Covello "is liable because [plaintiff] was uninvolved in the incident which took place downstairs . . . He and Ables had a duty of care to protect [plaintiff] . . . and warden Covello failed to properly train Ables.  (Id. at 4.)  He further states that warden Covello "set the express policy which caused" the violation of plaintiff's rights and Covello's policies and customs were the direct causal link and moving force in the alleged deprivations.  (Id.)  He argues

3

that this can be shown through his incident and other previous incidents of uninvolved victims of excessive force shooting where tower officers with guns were inadequately trained, not investigated, or not disciplined. He alleges there is a pattern of excessive force, illegal shootings at MCSP. (Id.) He further alleges that Ables was not disciplined and was promoted to sergeant.

### III.   Does Plaintiff State a Claim under § 1983?

#### A.  Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citation and quotation omitted). Furthermore, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 6 (ellipses in original) (citation omitted).

////

"Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21 (citation and internal quotations marks omitted).

Here, plaintiff has alleged that he was struck with a 40 mm round while he was sitting on the floor by his cell on the second floor while officer Ables was attempting to stop a fight between two inmates on the first floor. (ECF No. 12 at 3.)  Liberally construed, such allegations are sufficient to state a potentially cognizable excessive force claim against defendant Ables. McMillian v. Delgado, No. 1:19-cv-00444 SAB (PC), 2019 WL 1599443, at *2 (E.D. Cal. Apr. 19, 2019) (finding allegation to that plaintiff was struck by a 40 mm round even though he was not involved in the right and prone-out on the floor away from the incident sufficient to state an excessive force claim).

### B. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004).  "A supervisor may be liable only if (1) he or she is personally involved in the deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks and citations omitted); Lemire v. California Dept. of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013).  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional

////

rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The allegations in the complaint fail to state a cognizable claim against warden Covello. As plaintiff was previously advised, in order to state a claim against supervisory defendants, the complaint must state facts showing that the defendant personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d at 646. Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has alleged Covello was responsible because he failed to train Ables, and was responsible for the policy, but has not identified any specific policy that led to the violation of his rights. (Id. at 4.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, he has stated there have been other similar incidents at MCSP. Plaintiff has indicated one incident occurred on the yard and involved officers in the tower and stated he observed another in the kitchen sometime prior to the COVID-19 epidemic. (Id.) These

////

seemingly isolated incidents fail to show that some underlying policy caused the alleged rights violation.

Additionally, plaintiff's allegation that Covello failed to investigate Ables is insufficient to state a claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) "[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11-2255 CAS (SS), 2013 WL 2456798, at *8-9 (C.D. Cal. June 5, 2013) (dismissing § 1983 claim alleging officers failed to investigate plaintiff's claims because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

**D. Failure to Train**

A failure to train theory can be the basis for a supervisor's liability in a § 1983 action in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton v. Harris, 489 U.S. 378, 387-90 (1989). In order to impose liability for failure to train, a plaintiff must state facts showing that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably have been said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002).

Plaintiff has alleged that warden Covello failed to properly train officer Ables. (ECF No. 12 at 4.) This conclusory statement is not sufficient to state a potentially cognizable claim. In any amended complaint, plaintiff should include additional allegations explaining the specific training inadequacy that caused him to be harmed.

**AMENDING THE COMPLAINT**

As set forth above, the complaint contains a potentially cognizable claim against officer Ables but does not contain any additional claims. Accordingly, plaintiff may, but is not required to, file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.

The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 12) states potentially cognizable excessive force claim against defendant Ables as set forth in Section III above.  The complaint does not contain any additional cognizable claims.  Accordingly, plaintiff will have the option to proceed with the complaint as screened or amend the complaint.

2. Within thirty (30) days from the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 3, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hami0050.scrn2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>            Plaintiff,<br><br>     v.<br><br>L. ABLES et al.,<br><br>            Defendants. | No. 2:23-cv-0050 DB P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_     Plaintiff wants to proceed immediately on his excessive force claim against defendant Ables.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims.

\_\_\_\_\_     Plaintiff wants to amend the complaint.

DATED:_____

                                                                                    _____
                                                                                    David Hamilton
                                                                                    Plaintiff pro se

10