UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON, | No. 2:23-cv-0050 DB P |
| Plaintiff, | |
| v. | ORDER |
| L. ABLES, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights.  Presently before the court is plaintiff's motion to appoint counsel.  (ECF No. 11.)

In support of the motion plaintiff argues that: (1) the complaint presents a colorable Eighth Amendment claims with a likelihood of success on the merits; (2) litigating this case will require depositions, hearings, and witness testimony; (3) he is indigent and cannot afford counsel; (4) he is blind in one eye, hearing impaired, receives mental health treatment; (5) the litigation coordinator refused to accept service[1] and the attorney general has not responded to a letter regarding discovery requests.  (ECF No. 11 at 1-2.)

---

[1] The court notes that plaintiff filed the instant motion before service of the complaint was ordered on December 19, 2023.

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments show nothing more than circumstances common to most inmates. Additionally, plaintiff's filings in this action indicate that he is capable of articulating his claims in this action pro se. Thus, the undersigned will deny the motion without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 11) is denied.

Dated:  January 9, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE