UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. ABLES, et al.,<br><br>    Defendants. | No. 2:23-cv-0050 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendant Ables used excessive force in violation of the Eighth Amendment. Before the court are plaintiff's motion for modification of fees, defendants' motion to dismiss, and plaintiff's motion for discovery. Because this action is duplicative of an action plaintiff filed in 2022 in state court, that was removed to this court in 2023, the undersigned will recommend the present action be dismissed and all pending motions be denied.

Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). To determine whether a suit is duplicative, courts borrow from the test for claim preclusion. Id. at 688. In assessing whether the second action is duplicative of the first, courts examine whether the causes of action and relief sought, as well as

1

1  the parties to the action are the same.  Id. at 689; see also Serlin v. Arthur Anderson & Co., 3 F.3d
2  221, 223 (7th Cir. 1993) (a suit is duplicative if the claims, parties, and available relief do not
3  significantly differ between the two actions.).  The following transaction test is used to determine
4  whether the causes of action are the same: (1) whether rights or interests established in the prior
5  judgment would be destroyed or impaired by prosecution of the second action; (2) whether
6  substantially the same evidence is presented in the two actions; (3) whether the two suits involve
7  infringement of the same right; and (4) whether the two suits arise out of the same transactional
8  nucleus of facts.  Id. at 689.
9      Both the present action and the removed action, Hamilton v. Ables, 2:23-cv-1342  DJC
10 DB P, concern the same event and the same defendant.  Plaintiff alleges in both cases that
11 defendant Ables shot him during an inmate fight at Mule Creek State Prison on January 13, 2021.
12 In fact, the screening orders in both cases demonstrate this similarity.  In the present case, this
13 case is proceeding on one claim – an Eighth Amendment claim against Ables on the following
14 facts:

> Plaintiff alleges that on January 13, 2021, officer Ables shot him in the temple on the right side of his head. He further alleges this occurred while Ables was firing two 40 mm rounds at two Latino inmates who were down the stairs fight between cells # 145 and # 146. Plaintiff states that when this occurred, he was sitting in front of his cell which was # 248. Plaintiff further states that he was not involved in the altercation. Plaintiff alleges that in her incident report, Ables stated that she was unable to identify the parties she was shooting at.

20 (ECF No. 13 at 3 (internal citations omitted).)
21     In case no: 2:23-cv-1342, this court found plaintiff alleged one cognizable claim, a claim
22 against Ables on the following facts:

> The events giving rise to the claims in this action arose out of an incident that took place on January 13, 2021, at Mule Creek State Prison (MCSP). Plaintiff has identified correctional officer L. Ables, correctional sergeant David Clays, warden Patrick Covell, and C. Post, a training agency as defendants in this action. Plaintiff states he was sitting in front of his cell upstairs while two inmates were fighting downstairs. He further alleges that defendant Ables hit him with two 40 mm rounds while attempting to break up the fight. Plaintiff states he was not involved in the fight.

28 (ECF No. 10 at 5 (internal citations omitted).)  This court further found in case no. 2:23-cv-1342

1   that plaintiff stated no other claims for relief.  When plaintiff was given the option of proceeding
2   on the claim against Ables and dismissing his other potential claims and defendants or amending
3   his complaint, plaintiff elected to proceed on the Eighth Amendment claim against Ables.  (ECF
4   No. 11.)

5       Plaintiff may not proceed in two cases on the same claim against the same defendant.
6   Avoiding duplicative litigation and in the interests of efficiency for all parties and for the court,
7   requires dismissal of the present action.

8       Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district
9   judge to this case.

10      Further, IT IS RECOMMENDED that:

11     1.  Defendants' motion to dismiss (ECF No. 27) be granted;

12     2.  The present case be dismissed as duplicative of <u>Hamilton v. Ables</u>, 2:23-cv-1342  DJC
13        DB P; and

14     3.   All other pending motions (ECF Nos. 24, 29) be denied.

15   These findings and recommendations will be submitted to the United States District Judge
16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
17   after being served with these findings and recommendations, either party may file written
18   objections with the court.  The document should be captioned "Objections to Magistrate Judge's
19   Findings and Recommendations."  The parties are advised that failure to file objections within the
20   specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v.</u>
21   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  July 23, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

28   DLB:9/DB Prisoner Inbox/Civil Rights/S/hami0050.fr dupl